IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MIGUEL VALDEZ,                        §
      Plaintiff,                  §
v.                                    §         NO.  EP-13-CV-0025-FM
                                  §         (-LS by consent)
CAROLYN W. COLVIN,[1]                 §
Acting Commissioner of Social Security §
Administration,                       §
      Defendant.                  §

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is

predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a

United States Magistrate Judge, the case was referred to this Court for trial and entry of judgment

pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C of the Local Court Rules for the

Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security

Administration (Commissioner) denying his applications for disability insurance benefits (DIB) and

for supplemental security income (SSI) under Titles II and XVI, respectively, of the Social Security

Act. For the reasons set forth below, this Court orders that the Commissioner's decision be

**AFFIRMED**.

## BACKGROUND

Plaintiff was born February 8, 1963, completed a high school education, and can

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on
February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No
further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social
Security Act, 42 U.S.C. § 405(g).

communicate in English. (R:13, 21, 22, 129)[2] He has experience working in assembly. (R:13, 22, 119) Plaintiff discontinued working in June 2008 due to a rotator cuff injury in his right shoulder and tendonitis in his right wrist. (R:23, 44, 45, 51, 52, 134, 136)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

In particular, Plaintiff contends that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) determination is not supported by substantial evidence because the ALJ failed to properly consider the limiting effects of Plaintiff's shoulder impairment. Plaintiff contends that the case should be reversed, or in the alternative, remanded for further administrative proceedings.

## PROCEDURAL HISTORY

In May 2010, Plaintiff filed applications for DIB and SSI benefits, with an alleged onset date of June 3, 2008. (R:9) A hearing was held on November 30, 2011. (R:9,21) The ALJ issued his decision on December 30, 2011, finding Plaintiff not disabled, and denying benefits. (R:9-14) The Appeals Council denied Plaintiff's request for review. (R:1-5)

Plaintiff filed the instant cause on January 29, 2013. [ECF Nos. 1, 5] Defendant filed an answer and transcript of the administrative proceedings on April 23, 2013. [ECF Nos. 12, 14]

---

[2]Reference to the Administrative Record, contained in Docket Entry Number 14, is designated by and "R" followed by the page number(s).

Plaintiff filed a brief in support of his claims on June 4, 2013. [ECF No. 17] On June 28, 2013,

Defendant filed a brief in support of the Commissioner's decision denying benefits. [ECF No. 18]

On July 8, 2013, Plaintiff filed a reply brief. [ECF No. 19] This case was transferred to United States

Magistrate Judge Leon Schydlower on December 8, 2015. [ECF No. 20]

## DISCUSSION

### 1. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision

is supported by substantial evidence, and whether the Commissioner applied the proper legal

standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267,

272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a

preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if

supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where

there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v.*

*Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the

issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the

evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the

evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d

357, 360 (5th Cir. 1993).

### 2. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether

the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe

3

medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520, 416.920. However, if the claimant has shown he cannot perform his previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d. 194, 198 (5th Cir. 1999). If the Commissioner establishes other potential employment, the burden shifts back to the claimant to prove he is unable to perform the alternative work. *Id.* A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Leggett*, 67 F.3d at 564. The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law. *Id.*

### 3. The ALJ's Residual Functional Capacity Determination is Supported by Substantial Evidence

Plaintiff asserts that the ALJ erred in determining his residual functioning capacity by failing to properly consider the evidence of limitations relating to his shoulder impairment. He argues that the ALJ was "picking and choosing" only the evidence that supported his decision. The Defendant responds that substantial evidence supports the decision of the ALJ, and that the ALJ appropriately discounted Plaintiff's subjective statements.

Residual functional capacity ("RFC") is the most an individual can still do despite his

limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, and 416.945. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

The mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(c), 416.912(c). His own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529, 416.908, 416.928, 416.929. Further, impairments that are remedied or controlled by medication or treatment are not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

In the present case, the ALJ found that the Plaintiff had severe impairments of hyperlipidemia, hypertension, diabetes type II, and shoulder joint pain, but that none of his impairments met or equaled the listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:11) The ALJ determined that Plaintiff retained the capacity to perform a range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a), and 416.967(a).[3] (R:12) Because Plaintiff's past

---

[3]Sedentary work is defined as work involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary

relevant work in assembly is characterized as heavy work, the ALJ found that such work exceeded Plaintiff's residual functional capacity of sedentary work. Therefore, Plaintiff could not perform his past relevant work. However, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that under the Medical-Vocational Guidelines, jobs existed in significant numbers in the national economy that Plaintiff could perform. (R:14) Thus, he determined that a finding of not disabled was warranted under Rule 201.21 of the Medical-Vocational Guidelines.

Plaintiff complains that the ALJ failed to fully appreciate the limiting effects of his shoulder impairment in determining his RFC. Defendant responds that the ALJ's RFC determination adequately accommodates Plaintiff's shoulder limitations, and that Plaintiff's alleged limitations are based on his subjective complaints rather than objective medical evidence.

Medical notations from April 2008 to February 2009 reflect that Plaintiff was seen by Dr. Everett Campbell for treatment of his right shoulder. In April 2008, Dr. Campbell assessed him with a rotator cuff tear of the right shoulder and prescribed anti-inflammatory medication. (R:223) In August 2008, Dr. Campbell noted that Plaintiff was having increased pain in his right shoulder, and recommended that he see Dr. Refaeian for therapy. (R:221) On December 29, 2008, Dr. Campbell noted that Plaintiff had right shoulder surgery in 2006, and that he was being followed by Dr. Refaeian to determine his work status. (R:218) On February 23, 2009, Dr. Campbell wrote that Plaintiff received therapy from Dr. Refaeian as needed, and took anti-inflammatory medication. Dr. Campbell assessed him as having satisfactory range of motion of his right shoulder, adding that he

---

in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

could put his arm over his head. (R:217)

Medical notations from May 13, 2010, reflect that Plaintiff exhibited right shoulder pain. (R:226) On May 14, 2010, Plaintiff underwent an MRI examination. (R:229) Results showed evidence of subacromial decompression with minimal subacromial bursitis and lendinopathy without full thickness tear of the rotator cuff. The results further indicated minimal bicipital tenosynovitis.

A consultative physical examination of Plaintiff was performed on July 14, 2010, by Dr. Onyema Amakiri. (R:274-77) Plaintiff reported pain in his right shoulder, worsened by lifting things, but felt improvement with nonsteroidal anti-inflammatory drugs. He rated his pain an 8 on a scale of 1 to 10, with 10 being the worst. Physical examination revealed limited range of motion of the right shoulder, with full range of motion of the musculoskeletal system, symmetric strength, and normal muscle tone. He was ambulatory without assistance, with normal gait and station, and abnormal arm swing. Plaintiff's hand strength was 5/5 bilaterally, and muscle strength was 5/5 for all groups tested. Dr. Amakiri assessed him with shoulder pain and found that he had limitation with handling objects, carrying, lifting, and moving about, but had no limitations with respect to speaking, hearing, standing, or sitting.

A Residual Functional Capacity Assessment was completed on September 8, 2010, by Dr. Jimmy Breazeale. (R:295-302) Upon reviewing the medical records, he determined that Plaintiff retained the capacity to lift or carry fifty pounds occasionally and twenty-five pounds frequently, could stand or walk six hours in an 8-hour day, sit for six hours, and push or pull unlimitedly. With respect to any postural limitations, he found that Plaintiff could "frequently" climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Indeed, the only postural limitation Dr. Breazeale found was that Plaintiff could only "occasionally," as opposed to "frequently," climb ramps, ropes, and

scaffolds.

Progress notes dated September 16, 2010, indicate no musculoskeletal symptoms, no arthralgias, no soft tissue swelling, and no neurological symptoms. (R:307-308) In October 2010, Plaintiff was referred for occupational therapy for his complaints of right shoulder pain. (R:327) Progress notes dated March 17, 2011, indicate that he was seen for complaints of mild joint pains and feet swelling, with no mention or assessment of shoulder pain. (R:345-46) On July 18, 2011, while being seen for removal of stitches from a leg injury, he was found to have no musculoskeletal symptoms, no arthralgias, no soft tissue swelling, with no mention or assessment of right shoulder injury or pain. (R:389-90)

At the administrative hearing on November 30, 2011, Plaintiff testified that he was wearing a sling on his right arm due to constant pain associated with his right rotator cuff injury. (R:22, 25, 29) He further testified that he needed another shoulder surgery and that he was unable to use his right arm due to the constant shoulder pain. (R:24-27) Plaintiff's pleadings, however, do not cite to medical evidence in the record reflecting the need for further shoulder surgery.

Plaintiff's testimony and reported limitations are inconsistent with and not supported by the objective medical evidence of record. At the hearing in November 2011, while he reported constant shoulder pain and an inability to use his arm, the most recent medical records from July 2011 indicated no such limitations. Further, his shoulder pain was treated with anti-inflammatory medications, which Plaintiff acknowledged provided relief.

It is apparent from the ALJ's decision that he considered the entire record and evaluated the evidence. In determining the severity of impairments, the ALJ expressly stated he considered all of Plaintiff's impairments under the standard set forth in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir.

8

1985). He also considered any functional limitations attributed to Plaintiff's conditions by the physicians, and incorporated such limitations into his RFC determination. In fact, by finding that Plaintiff could do sedentary work, he incorporated limitations consistent with Dr. Amakiri's findings and more than found by Dr. Breazeale. The evidence fails to show that the limiting effects of Plaintiff's impairments are greater than those assessed by the ALJ in his RFC determination.

In making his determinations, the ALJ assessed Plaintiff's credibility and subjective complaints of pain. It was within the ALJ's broad discretion to weigh the evidence and make credibility determinations. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered the medical evidence as well as Plaintiff's testimony. Based upon his review of the evidence, the ALJ determined that Plaintiff was not as limited as he claimed. Such decision was within the ALJ's discretion and is supported by the evidence.

Accordingly, based upon a review of the record evidence, the Court finds that the ALJ's RFC determination comports with relevant legal standards and is supported by substantial evidence. Therefore, Plaintiff's assertions of error are without merit.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

SIGNED and ENTERED on January  21  , 2016.

_____
LEON SCHYDLOWER
United States Magistrate Judge